# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 27, 2013

## STATE OF TENNESSEE v. MICHAEL DEWEY ELLINGTON

**Appeal from the Criminal Court for Monroe County**
**No. 09-270    Amy A. Reedy, Judge**

---

**No. E2012-00908-CCA-R3-CD - Filed August 13, 2013**

---

JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully disagree with the majority's conclusion that the evidence supports the verdict of first degree murder. In my view, the element of premeditation was not established beyond a reasonable doubt.

Applying the *Bland* litany of factors for evaluating the existence of premeditation, *see State v. Bland*, 958 S.W.2d 651, 660 (Tenn. 1997), the evidence is lacking on almost all points. Evidence of the parties' relationship suggests volatility but does not really suggest a motive; indeed, volatility is more suggestive of provocation than of motive. No evidence showed that the defendant threatened or declared an intent to kill the victim. No evidence showed planning activities. The shooting could have been instantly provoked, and evidence showed that the victim was armed. Although the defendant's demeanor after the shooting was not distressed, we do not know the demeanor before the shooting except that both parties had used methamphetamine. Accordingly, the *Bland* factors do not point toward premeditation. *See State v. Michael Lenard Hall*, No. E2002-01834-CCA-R3-CD (Tenn. Crim. App., Knoxville, Mar. 11, 2004).

I know the jury rejected the claim of self-defense, but the jury's rejection of self-defense does not equate to establishing premeditation, which the State was obliged to affirmatively prove beyond a reasonable doubt. With nothing more, the rejection of the claim of justification through self-defense leaves us with an unjustified, knowing killing. *See*

*State v. West*, 844 S.W.2d 144, 148 (Tenn. 1992) (jury may reject defendant's version of events but may not accredit a theory that does not have an evidentiary basis).[1]

        Accordingly, I would reverse the conviction of first degree murder and impose a conviction of second degree murder. The evidence warrants a finding that the homicide was "knowing," the predicate for second degree murder.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] For the same reason, I do not see that we can make the inference that the knife was "planted" by the defendant's brothers.